IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13 B 33582 |
| Robinson Rivadenrira, ) | Judge Hon. Schmetterer |
| ) | |
| Debtor. ) | |
| ) | CHAPTER 13 |
| ) | |
| ) | |
| Robinson Rivadenrira, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. NO.   13-01146 |
| ) | |
| Wilmington Trust, National Association, ) | |
| not in its individual capacity, but solely as ) | |
| Trustee under Greenwich Investors ) | |
| XXXVI Pass-Through Trust agreement, ) | |
| dated as of July 14, 2011 ) | |
| ) | |
| Defendant. ) | |

## ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Wilmington Trust, N.A. et al., the following finding of fact and conclusions of law are made and will be entered:

1. Plaintiff is an individual residing at 5252 W. Newport Avenue, Chicago, IL 60641.

2. Wilmington Trust, N.A. et al., is a lender and/or servicer of mortgages.

3. Plaintiff filed for relief under Chapter 13 of the United State Bankruptcy Code August 22, 2013 in the Northern District of Illinois, case number 13-33582.

4. The adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

Case 13-01146    Doc 7    Filed 11/15/13    Entered 11/18/13 09:20:30    Desc Main
Document      Page 2 of 3

13-01146:6.1:Motion for Default Judgment:Proposed Findings of Fact and Conclusions of Law Entered: 10/21/2013 7:43:13 AM by:Jason Landgraf Page 2 of 3

6. Plaintiff is the owners of real estate located at 5252 W. Newport Avenue, Chicago, IL 60641 described as follows:

    Common Address: 5252 W. Newport Avenue, Chicago, IL 60641
    Parcel ID#: 13-21-311-017-0000

7. The Subject Property is Plaintiff's principal residence.

8. The fair market value of the real estate is $180,049.00 pursuant to Exhibit C to the original adversary complaint.

9. A first mortgage lien is currently held by Select Portfolio Servicing in the amount of $417,359.00 pursuant to Exhibit A to the original adversary complaint.

10. Defendant's second mortgage is in the amount of $94,000.39, pursuant to Exhibit B to the original adversary complaint.

11. Under 11 U.S.C. § 506(a), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

12. The amount owed on the first mortgage, $417,359.00 exceeds the value of the above real estate, $180,049.00.

13. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be avoided and stripped off the Subject Property upon completion of the underlying Chapter 13 Plan. See In re Pence, 905 F.2d 1107 (7th Cir. 1990); Holloway v. U.S., 2001 WL 1249053 (N.D.Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D.Ill. 2002); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In re Bartee, 212 F.3d 277 (5th Cir. 2000); In re Lane, 280 F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000); In re Mann, 249 B.R. 831 (1st Cir. BAP 2000); In re Pond, 252 F.3d 1222 (2nd Cir. 2001).

WHEREFORE, for the foregoing reasons, a judgment of default shall be entered in favor of Plaintiff and against Defendant Wilmington Trust, N.A. et al., stripping the Defendant's second mortgage on the Plaintiff's residential real estate.

ENTERED

_____
U.S. Bankruptcy Judge

Dated: 11/15/13

NOV 1 5 2013

Jason S. Landgraf
Attorney for Plaintiff
The Law Office of Jason Landgraf
5720 W. Belmont Ave
Chicago, IL 60634
P (773) 283-4408